**William Lee MOSS, Petitioner-Appellant,**

v.

**S. M. PATTERSON, Supt.,
Respondent-Appellee.**

**No. 76–2533.**

United States Court of Appeals,
Sixth Circuit.

Argued April 13, 1977.

Decided May 20, 1977.

William L. Moss, James P. Luton, Columbus, Ohio (Court-appointed CJA), for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas, Columbus, Ohio, for respondent-appellee.

Before EDWARDS, CELEBREZZE and CECIL, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a petition for a writ of habeas corpus. The sole issue on appeal is whether Appellant was deprived of due process of law when the Ohio Adult Parole Authority revoked his parole without holding a revocation hearing.

On June 15, 1970, Appellant pled guilty to burglary of an inhabited dwelling and was sentenced to a term of five to thirty years imprisonment. On March 25, 1974, he was placed on furlough and on April 20, 1974, he was paroled. While on parole, Appellant was indicted in the September, 1974 term of the Franklin County, Ohio, common pleas court for one count of forgery, one count of aggravated robbery, and one count of possessing a weapon while under a disability. On November 20, 1974, Appellant pled guilty to forgery, assault, and possession of a weapon while under a disability and was sentenced to two to five years on the forgery and weapon counts, and six months on the assault count, to be served concurrently.[1] On December 13, 1974, Appellant was declared a parole violator. In accordance with regulations then in force, he was not afforded a parole revocation hearing. Appellant petitioned for a writ of habeas corpus from his sentence on the 1970 conviction, but the petition was denied by the District Court. The Court noted that Appellant's violation of a condition of parole is conclusively established by the 1974 felony convictions. A parolee is not free to relitigate intervening criminal convictions in a parole revocation hearing. The District Court also decided that it would be futile to hold a final revocation hearing on mitigating circumstances because Ohio Rev. Code § 2929.41 automatically precludes reinstatement on parole until after a statutory minimum sentence is served.[2] Since no

1. The common pleas judge stipulated that the two to five year sentence imposed in case number 74CR–11–2047 was to be served consecutively to Appellant's present parole sentence. The District Court characterized Appellant's confinement on the prior sentence as a consequence of his guilty plea on the 1974 charge rather than as incident to a parole revocation. More likely, however, the common pleas judge

assumed revocation of Appellant's parole when sentencing Appellant on the 1974 conviction so the principles of *Morrissey v. Brewer* are still applicable. *See also* discussion note 3.

2.　(A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment. In any case, a

purpose would be served by a revocation hearing, the District Court held that the Adult Parole Authority had not deprived Appellant of due process by summarily revoking his parole. We reverse.

In *Morrissey v. Brewer,* 408 U.S. 471, 480–82, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court recognized that a parolee has significant liberty interest in a parole which is entitled to protection under the Due Process Clause. At minimum, due process requires that the parolee be given a hearing before revocation of his parole. 408 U.S. at 487–90, 92 S.Ct. 2593. "The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Id.* at 488, 92 S.Ct. at 2603. We agree with the District Court that Appellant may not relitigate his 1974 felony convictions at a revocation hearing. *See id.* at 490, 92 S.Ct. 2593. However, in *Preston v. Piggman,* 496 F.2d 270, 274 (6th Cir. 1974), this Court held that, even if a parolee admits violation of a condition of parole, he is still entitled to present evidence in mitigation. *See also Pope v. Chew,* 521 F.2d 400, 404–05 (4th Cir. 1975); *Caton v. Smith,* 486 F.2d 733, 735 (7th Cir. 1973). We are not convinced that provision of a revocation hearing is a useless gesture where a condition of parole is violated by an intervening felony conviction. Counsel for the Adult Parole Authority admitted that since the decision in *Inmates Councilmatic Voice v. Rogers,* No. C 72–1052 (N.D.Ohio 1974), *aff'd and modified,* 541 F.2d 633 (6th Cir. 1976), the Adult Parole Authority has promulgated rules pursuant to stipulations entered in that case which afford final revocation hearings in all cases, including those where a parolee is convicted of a new crime. The construction placed on Ohio Rev. Code § 2929.41(b)(3) by the District Court would render those regulations a nullity in cases involving a subsequent felony conviction, or at best, transform the hearing into an empty formalism. In *Preston v. Piggman,* 496 F.2d at 275 n.1, the Court commented that "[t]he automatic revocation of parole for every parole violation regardless of the mitigating circumstances clearly runs counter to the dictates of the [Supreme] Court in *Morrissey v. Brewer.*" To construe Ohio Rev. Code § 2929.41(b)(3), as did the District Court, would create a class of cases where parole revocation is automatic, without benefit of a meaningful hearing on mitigation. This result would conflict with the doctrine expressed by the Supreme Court in *Morrissey v. Brewer* and its progeny, as interpreted by this Court in *Preston v. Piggman.* A more reasonable construction of Ohio Rev. Code § 2929.41(b)(3) is that it has nothing whatsoever to do with when a parole should be revoked, but was designed to set out rules for the imposition of sentence on a subsequent conviction after a parole has been revoked.[3] Regardless of how the statute is construed, we adhere to the opinion

---

sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state penal or reformatory institution.

(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

(1) When the trial court specifies that it is to be served consecutively;

(2) When it is imposed for a violation of division (B) of section 2917.02 of the Revised Code, section 2921.34 of the Revised Code, or division (B) of section 2921.35 of the Revised Code;

(3) When it is imposed for a new felony committed by a probationer, parolee, or escapee.

Ohio Rev.Code § 2929.41

**3.** This interpretation of the section is supported by the Committee Comment to § 2929.41:

This section provides rules for determining when sentences are to be served concurrently or consecutively, places maximums on consecutive sentences, and allows courts to commit offenders to the penitentiary or reformatory when consecutive misdemeanor sentences totalling more than one year are imposed.

The section does not authorize the courts to order revocation of a parole on a previous sentence, that authority remains the province of the Adult Parole Authority, it merely gives the court in the subsequent criminal proceedings guidance as to when a sentence is to run consecutively or concurrently.

expressed in *Inmates Councilmatic Voice v. Rogers,* 541 F.2d at 636, that a parolee convicted of a subsequent crime is entitled to a parole revocation hearing if he requests it and the hearing should be held within a reasonable time. The judgment of the District Court is reversed and remanded with instructions to order the Adult Parole Authority to provide Appellant with a revocation hearing within a reasonable time.