825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel C. SUMMERS, Petitioner-Appellant,
v.
Gene A. SCROGGY and Attorney General of Kentucky,
Respondents-Appellees.
 No. 87-5064
 United States Court of Appeals, Sixth Circuit.
 July 31, 1987.
 ORDER
 
 1
 Before KENNEDY and NELSON, Circuit Judges, and WEBER, District Judge.*
 
 
 2
 The petitioner moves for counsel on appeal from the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner is a Kentucky state prisoner. He challenges the Kentucky Parole Board's imposition of the remainder of his two concurrent life sentences. He raises ex post facto clause and due process issues. He exhausted his state remedies.
 
 
 4
 The district court relied upon a 1980 Kentucky parole regulation when deciding the ex post facto clause issue. 501 Ky. Admin. Reg. 1:015. Because the petitioner was convicted in 1966 and was released from active parole supervision in 1975, we conclude that the application of the 1980 regulation would raise a serious ex post facto clause issue. Weaver v. Graham, 450 U.S. 24, 31 (1981). Therefore, we will not affirm the district court's decision of this issue on the basis of the 1980 regulation.
 
 
 5
 However, the district court's decision on this issue can be affirmed on another ground. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir. 1985). The applicable parole regulation was enacted in 1975. The issue then becomes whether this state law creates a liberty interest. Greenholtz v. Inmates of the Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). The language in the 1975 regulation states:
 
 
 6
 The Director of the Division of Probation and Parole reserves the right to refuse to recommend restoration of civil rights even though the above conditions have been fulfilled.
 
 
 7
 This language is not the mandatory language necessary to create a liberty interest under Greenholtz, 442 U.S. at 12. Therefore, the regulation in effect at the time in question in this case did not grant a liberty interest to the petitioner concerning his final discharge from parole. So the district court's judgment on the first issue in this case can be affirmed.
 
 
 8
 The petitioner's second issue attacks Ky. Rev. Stat. Sec. 439.352 as unconstitutional. This statute automatically terminates parole when the parolee is convicted of a new crime and is sentenced to prison. The petitioner argues that this statute violates his due process rights to a hearing. Morrissey v. Brewer, 408 U.S. 471, 487-88 (1972). The petitioner is correct. In Moss v. Patterson, 555 F.2d 137, 138 (6th Cir.) (per curiam), cert. denied sub nom., Kette v. Moss, 434 U.S. 873 (1977), an Ohio parole regulation did not grant a hearing to any parolee convicted of another crime. This court held that the Ohio regulation did violate the due process rights established in Morrissey. The court reasoned that a parolee still must be allowed the opportunity to present evidence in mitigation. 555 F.2d at 138. The court vacated the district court's denial of the petition and remanded the case to order a revocation hearing within a reasonable time.
 
 
 9
 The holding in Moss controls the decision in this case. Therefore, we vacate the district court's judgment on this issue and remand for the order of a revocation hearing in the petitioner's case within a reasonable time.
 
 
 10
 The motion for counsel is denied. The order of the district court is affirmed in part and vacated and remanded in part. Rules 9(b)(5) and (6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation