**John G. BOULDER, Appellant,**

v.

**Al C. PARKE, Warden; John T. Wigginton, Secretary; Wayne C. Dunn, Commissioner; Shirley Sharp, Supervisor; and Connie V. Malone, Appellees.**

No. 89–CA–2234–MR.

Court of Appeals of Kentucky.

June 8, 1990.

John George Boulder, LaGrange, pro se.

Connie Vance Malone, Corrections Cabinet, Office of Gen. Counsel, Frankfort, for appellees.

Before EMBERTON, HAYES, and WILHOIT, JJ.

PER CURIAM.

This is an appeal from an order of the Oldham Circuit Court, entered October 4, 1989, denying appellant's pro se petition for writ of habeas corpus.

Appellant asserts that his due process rights were violated when his parole was automatically revoked, pursuant to KRS 439.352, upon his conviction for a crime committed while on parole. He contends that by never formally revoking his prior parole, the Corrections Cabinet could not aggregate his sentences pursuant to KRS 532.120(1)(b). He claims a right to a revocation hearing and asserts that KRS 439.352 is unconstitutional. That statute reads in pertinent part:

> Recommitment of a parolee to prison on a new sentence received for commission of a crime while on parole, shall automatically terminate his parole status on any sentence on which he has not received a final discharge, or a restoration of civil rights, prior to the date of recommitment.

For authority, appellant cites *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Moss v. Patterson*, 555 F.2d 137 (6th Cir.1977), *cert. denied*, 434 U.S. 873, 98 S.Ct. 221, 54 L.Ed.2d 153 (1977); and an unpublished order of the Sixth Circuit Court of Appeals styled *Summers v. Scroggy*, No. 87–5064 (listed in table at 825 F.2d 411) (6th Circuit, filed July 31, 1987), *cert. denied*, 485 U.S. 941, 108 S.Ct. 1122, 99 L.Ed.2d 282 (1988).

*Morrissey v. Brewer* set out certain minimum due process requirements that must be met in order to revoke parole, analyzing the situation in terms of two stages: (1) an

initial inquiry "in the nature of a 'preliminary hearing' to determine whether there is probable cause ... to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions," and (2) a revocation hearing leading to "a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." 92 S.Ct. at 2602–03. Within this context, due process requires:

(a) written notice of the claimed violations of parole;

(b) disclosure to the parolee of evidence against him;

(c) opportunity to be heard in person and to present witnesses and documentary evidence;

(d) the right to confront and cross-examine adverse witnesses ...

(e) a 'neutral and detached' hearing body ... and

(f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

92 S.Ct. at 2604.

In *Morrissey*, the defendants were arrested for committing technical parole violations such as failing to report place of residence to parole officer and leaving the territorial restrictions of parole without consent. 92 S.Ct. at 2596.

■ Once a parolee is arrested on a parole violation warrant, he is entitled to a probable cause hearing concerning the acts he is alleged to have committed. 92 S.Ct. at 2602. It is conceivable that a parolee might violate the conditions of parole, but that these violations might not warrant revocation in every case, thus the need for a final revocation hearing in which he may dispute the allegations that he violated conditions of parole and, if he did violate, the opportunity to introduce circumstances in mitigation to persuade the hearing body that the violation did not warrant revocation. 92 S.Ct. at 2603.

■ We note that appellant's situation differs from that in *Morrissey* in that appellant was returned to prison for a new conviction and not because he violated a technical condition of his parole. In such a case, there is no need for a preliminary hearing because the subsequent criminal conviction conclusively establishes the parole violation. *See Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401, 3409, 87 L.Ed.2d 516 (1985); *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 278 n. 7, 50 L.Ed.2d 236 (1976).

In *Moody*, the United States Supreme Court held that there was no requirement for an immediate hearing. 97 S.Ct. at 278. In fact, the Court referred to *Morrissey's* requirement of a hearing within a reasonable time after the parolee is taken into custody, and stated that "we established execution of the [parole violation] warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation." 97 S.Ct. at 279. The Supreme Court concluded in *Moody* that it could not be said that the "parole violator warrant has any present or inevitable effect upon the liberty interests which *Morrissey* sought to protect." 97 S.Ct. at 278. Thus, appellant is not entitled to a final revocation hearing because his loss of liberty derives not from a parole violation warrant, but from his subsequent conviction. *Moody*, 97 S.Ct. at 278. To afford appellant a hearing when he is not eligible for parole because of the new conviction would be a futile gesture.

The federal circuit case of *Moss v. Patterson, supra,* would appear to support appellant's contention that a final hearing before parole is revoked is required by due process. However, we have been unable to find any United States Supreme Court case providing that a state may not automatically terminate parole when a parolee has been convicted on a new sentence. In fact, the United States Supreme Court has made a distinction where probation or parole revocation was automatic and where it was discretionary with the parole board. *See Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). In *Black*, the Court cited an earlier case, *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), which recognized restrictions on the "automatic revocation of

probation where an indigent defendant is unable to pay a fine or restitution." *Black,* 105 S.Ct. at 2257. The Court went on to state, "We need not decide today whether concerns for fundamental fairness would preclude the automatic revocation of probation in circumstances other than those involved in *Bearden."* *Black,* 105 S.Ct. at 2259. *Black* appears to say that if the body which has the power to revoke parole has discretion as to whether to revoke parole, then the "parolee or probationer is entitled to an opportunity to show not only that he did not violate the conditions, but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition." 105 S.Ct. at 2258. By deduction, then, it would appear that if the parole board has no such discretion, then no final hearing is required.

Appellant also refers to an unpublished order of the Sixth Circuit Court of Appeals styled *Summers v. Scroggy, supra,* which held that KRS 439.352 is unconstitutional. The Corrections Cabinet argues that *Summers* should not be applied retroactively to appellant's case to afford him habeas corpus relief in the form of a belated revocation hearing. We need not determine whether *Summers* should be applied retroactively because we believe that case was decided incorrectly. The Sixth Circuit Court of Appeals in *Summers* agreed with the petitioner that KRS 439.352 violated his due process rights to a hearing, citing *Morrissey, supra,* and *Moss v. Patterson, supra.*

■ To reiterate, in *Morrissey,* due process requires a hearing: (1) to enable the parole board to verify facts concerning the alleged breach of parole conditions; and (2) to allow the board informed exercise of discretion as to whether the facts as found,

taking into consideration any mitigating factors, justify or mandate parole revocation. 92 S.Ct. at 2602–03. Neither of these factors applies to appellant's case to require a hearing because his subsequent conviction establishes the breach, *Carchman,* 105 S.Ct. at 3409, and by Kentucky law, the parole board is required to revoke parole upon recommitment for a new conviction. KRS 439.352. *Morrissey* simply does not mandate a hearing when the parole board has no discretion concerning revocation. Thus, due process does not require a hearing under these circumstances and the holding in *Summers* does not change this fact.

Our decision today is limited to the facts as presented. We do not reach the question whether an immediate revocation hearing would be required should the conviction on which the parolee was returned to prison be set aside at a later date, such that his continued incarceration is based on the parole revocation alone.

Furthermore, KRS 439.440 requires a re-release hearing within thirty (30) days after recommitment of a parolee. But until such time as the parolee is eligible for parole under the new sentence standing alone, he has no interest in liberty.

The order of the Oldham Circuit Court denying appellant's petition for writ of habeas corpus is hereby AFFIRMED.

All Concur.