917 F.2d 1304
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Edward HARRISON, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 89-6495.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges; and SPIEGEL, District Judge*.
 PER CURIAM.
 
 
 1
 Petitioner Gary Edward Harrison, an inmate at the Kentucky State Reformatory (Reformatory), appeals the district court's judgment denying his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Respondent is Al C. Parke, Warden of the Reformatory.
 
 
 2
 In June of 1972, Harrison was sentenced to serve ten years in the Reformatory. He arrived at the Reformatory in September of 1972 and was paroled in November of 1973. In October of 1975, Harrison was returned to the Reformatory on a new felony sentence of seven years based on crimes committed while on parole. This new sentence ran consecutively with Harrison's original ten year sentence. Upon his return to the Reformatory, Harrison's parole was automatically terminated pursuant to Kentucky Revised Statute (KRS) Sec. 439.352, which reads, in part, as follows:
 
 
 3
 Recommitment of a parolee to prison on a new sentence received for commission of a crime while on parole shall automatically terminate his parole status on any sentence on which he has not received a final discharge, or a restoration of civil rights, prior to the date of recommitment.
 
 
 4
 As a result of the statute's automatic termination provision, Harrison was not afforded a parole revocation hearing.
 
 
 5
 Harrison was paroled again in May of 1978, but he was returned to the Reformatory in January of 1979 because of a technical violation of his parole. After a final parole revocation hearing before the Kentucky Parole Board his parole was revoked.
 
 
 6
 Harrison was again released on parole in January of 1980. In September of 1982, he was returned to the Reformatory on another sentence imposed for further felonies committed while on parole. The petitioner received a ten year sentence for the new felony convictions which was subsequently reduced to five years. His sentence was to be served consecutively with the 1972 and 1975 sentences. Harrison's parole status was again automatically terminated pursuant to KRS Sec. 439.352 without a hearing.
 
 
 7
 Harrison was paroled twice more in 1985 and 1988, but he was returned to the Reformatory on both occasions for parole violations.
 
 
 8
 In May of 1989, Harrison filed a petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. Sec. 2254. He claimed that the automatic termination of his parole without a hearing pursuant to KRS Sec. 439.352 following his felony convictions in 1975 and 1982 deprived him of his right to due process of law under the fourteenth amendment. He also claimed that the imposition of consecutive sentences for the crimes he committed while on parole was unconstitutional because at the times the new sentences were imposed his parole had not yet been revoked. In November of 1989, the district court dismissed Harrison's petition. The district court concluded that the substance of Harrison's petition was a challenge to the computation of the length of his sentences rather than a challenge to the constitutionality of KRS Sec. 439.352, and that the computation of his sentences was a question of state law not cognizable in a federal habeas corpus proceeding.
 
 
 9
 Harrison also filed a petition for habeas corpus in the Kentucky state courts. In June of 1990, the Kentucky Court of Appeals entered an opinion and order affirming the dismissal of Harrison's petition by the Kentucky Circuit Court. Harrison v. Parke, Case No. 89-CA-2106-MR (Ky.Ct.App. June 8, 1990). The Kentucky Court of Appeals rejected Harrison's claims that his due process rights were violated by the automatic revocation of his parole pursuant to KRS Sec. 439.352 and that the Corrections Cabinet could not aggregate his sentences because his parole was never formally revoked. The court expressly rejected our holding in Summers v. Scroggy, Case No. 87-5064 (6th Cir. July 31, 1987), cert. denied, 485 U.S. 941 (1988), and ruled that due process does not require a hearing when parole is automatically revoked due to the subsequent conviction of the parolee pursuant to KRS Sec. 439.352.
 
 
 10
 Harrison raises several arguments on appeal. First, Harrison argues that the district court erred in ruling that his petition should be dismissed as a successive petition. However, since we conclude that the district court made no such ruling, we will not address this argument.
 
 
 11
 Harrison also argues that the district court erred in ruling that his challenge to the imposition of consecutive sentences for crimes he committed while on parole was not cognizable in a federal habeas corpus proceeding. Harrison argues that the imposition of consecutive sentences was incorrect because at the time the sentences were imposed on his new convictions his parole on the old sentences had not been formally revoked. However, we find that Harrison's consecutive sentences were imposed in accordance with Kentucky law. See Kentucky Rev.Stat. Sec. 533.060(2); Riley v. Parke, 740 S.W.2d 934 (Ky.1987). Because it is a matter of substantive state law whether Harrison's sentences should run concurrently or consecutively, we find that the district court did not err in ruling that Harrison's challenge to his consecutive sentences was not cognizable in a federal habeas corpus proceeding. See Wainwright v. Sykes, 433 U.S. 72, 81 (1977).
 
 
 12
 Finally, Harrison argues that the district court erred in finding that his petition did not establish that KRS Sec. 439.352 had been invoked against him. He argues that the automatic revocation of his parole pursuant to the statute violated his right to due process. For the purpose of this appeal, we will assume that the district court erred in finding that the petition did not establish that KRS Sec. 439.352 had been invoked against Harrison. In support of his argument that the automatic termination of his parole violated his right to due process, Harrison relies upon our decision in Summers v. Scroggy, supra, which held that KRS Sec. 439.352 is unconstitutional.
 
 
 13
 Because the Summers case was decided after Harrison's parole was automatically revoked pursuant to KRS Sec. 439.352 in 1975 and 1982, we must decide whether or not Summers announced a new rule of law. If Summers did announce a new rule of law, then we must determine whether or not it should be applied retroactively. The Summers decision announced a new rule of law "if the result was not dictated by precedent existing at the time" the defendant's parole was revoked. Teague v. Lane, 109 S.Ct. 1060, 1070 (1989). "A new decision that explicitly overrules an earlier holding obviously 'breaks new ground.' " Butler v. McKellar, 110 S.Ct. 1212, 1216 (1990).
 
 
 14
 Harrison argues that the result in Summers was dictated by precedent existing at the time his parole was automatically revoked pursuant to KRS Sec. 439.352. He argues that the statute was clearly unconstitutional under the Supreme Court's holding in Morrissey v. Brewer, 408 U.S. 471 (1972), and our holding in Moss v. Patterson, 555 F.2d 137 (6th Cir.), cert. denied sub nom., Kette v. Moss, 434 U.S. 873 (1977) which was decided prior to the revocation of Harrison's parole in 1982.
 
 
 15
 In Morrissey v. Brewer, the Supreme Court held that due process requires that a parolee be provided with a hearing before revocation of his parole. Morrissey, 408 U.S. at 487-90. However, the Morrissey decision involved administrative proceedings in which the revocation of parole was within the discretion of the parole board. The parole board has no discretion to continue parole under KRS Sec. 439.352. As the Supreme Court noted in Black v. Romano, 471 U.S. 606, 612 (1985), neither Morrissey nor any other Supreme Court decision has held that the factfinder in a revocation proceeding must be granted discretion to continue parole as a matter of due process. Therefore, we cannot find that Morrissey dictated the result in the Summers decision. Similarly, our decision in Preston v. Piggman, 496 F.2d 270, 274 (6th Cir.1974), which held that a parolee is entitled to a hearing so that he may present mitigating evidence even if he admits violating a condition of his parole, involved administrative proceedings in which the revocation of parole was within the discretion of the parole board. Therefore, Preston is also distinguishable from Summers.
 
 
 16
 In Moss v. Patterson, we held that an Ohio parolee who was subsequently convicted of a new crime was entitled to a final parole revocation hearing. Moss, 555 F.2d at 138-39. See also Inmates' Councilmatic Voice v. Rogers, 541 F.2d 633, 636 (6th Cir.1976). In Summers, we stated that our holding that KRS Sec. 439.352 was unconstitutional was "controlled" by our holding in Moss. However, the fact that a court states that its decision "is 'controlled' by a prior decision, is not conclusive for purposes of deciding whether the current decision is a 'new rule' under Teague." Butler, 110 S.Ct. at 1217. Our holding in Harris v. Rees, Case No. 83-5145 (6th Cir. Feb. 27, 1984), cert. denied, 469 U.S. 864 (1984), demonstrates that there was room for a significant difference of opinion as to the issue resolved in the Summers case after we issued our ruling in Moss.
 
 
 17
 In Harris v. Rees, we held that the automatic revocation of the parole of a parolee who had been convicted of a subsequent crime pursuant to KRS Sec. 439.352 was constitutional. We ruled that the Moss case was "easily distinguishable" because the Ohio statute involved in the Moss case did not provide for the mandatory and automatic revocation of parole when a parolee is convicted of a new crime while released on parole. As previously mentioned, the Kentucky parole board did not possess any discretion to continue parole under KRS Sec. 439.352. In Harris, we reasoned that due process did not require a revocation hearing because the parolee's parole was automatically revoked upon his recommitment to prison.
 
 
 18
 Therefore, it appears that our decision in Summers was not dictated by precedent existing at the time Harrison's parole was automatically revoked in 1975 and 1982. The fact that Summers implicity overruled our holding in Harris v. Rees supports this conclusion. Accordingly, we find that our holding in Summers that KRS Sec. 439.352 is unconstitutional was a new rule of law.
 
 
 19
 We must now determine whether Summers should be applied retroactively. The Supreme Court has held as a general rule that a new constitutional rule of criminal procedure should not be applied retroactively on collateral review. Teague v. Lane, 109 S.Ct. at 1075. There are two exceptions to this general rule. Under the first exception, "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.' " Teague v. Lane, 109 S.Ct. at 1075 (quoting Mackey v. United States, 401 U.S. 667, 692 (1971) (Harlan, J., concurring in judgment in part and dissenting in part)). Under the second exception, a new rule should be applied retroactively on collateral review "if it requires the observance of 'those procedures that ... are "implicit in the concept of ordered liberty." ' " Teague, 109 S.Ct. at 1075 (quoting Mackey, 401 U.S. at 693 (Harlan, J., concurring in judgment in part and dissenting in part)). The scope of this second exception is limited "to those new procedures without which the likelihood of an accurate conviction is seriously diminished." Teague v. Lane, 109 S.Ct. at 1076-77. Because neither of these two exceptions applies to this case, the general rule dictates that the Summers decision should not be applied retroactively.
 
 
 20
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation