918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul Douglas CREWS, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 90-5381.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Paul Douglas Crews is a pro se Kentucky prisoner who appeals the dismissal of a petition for a writ of habeas corpus authorized by 28 U.S.C. Sec. 2241. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the appellant's brief, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his petition, Crews argued: 1) that the parole board failed to hold a hearing before rescinding its recommendation that he be paroled, even though he had been convicted of a new crime; 2) that the parole board should have reinstated its recommendation when his new conviction was remanded and that the parole board waited too long before holding a new hearing after the remand; 3) that the board's decision to defer his parole eligibility was arbitrary, even though he had entered a plea of nolo contendere to new charges of complicity in robbery and manslaughter; 4) that he was entitled to sentencing credit for approximately seven months that he had spent on supervised parole; and 5) that the trial court and the Kentucky Court of Appeals erred by not holding an evidentiary hearing or making specific findings when they denied his state petition for post-conviction relief.
 
 
 3
 Crews's petition was referred to a magistrate who recommended dismissal. On March 9, 1990, the district court accepted the magistrate's report and dismissed the petition. It is from this judgment that Crews now appeals. His brief on appeal contains a request for counsel. Crews has also filed a motion for summary judgment in this court pursuant to Fed.R.Civ.P. 56.
 
 
 4
 Upon review, we conclude that the district court correctly dismissed the petition. Crews's first three arguments lack merit because he does not have a constitutionally created right to parole. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 11 (1979). Moreover, the Kentucky parole scheme does not create an expectation that parole will be granted which is sufficient to trigger a constitutionally protected liberty interest. Cf. Ky.Rev.Stat. Sec. 439.340. In addition, the board's recommendation favoring parole did not create a constitutionally protected interest because that recommendation was rescinded before Crews was released from prison. Compare Jago v. Van Curen, 454 U.S. 14, 16-17 (1981) (per curiam), with Moss v. Patterson, 555 F.2d 137, 138-39 (6th Cir.), cert. denied, 434 U.S. 873 (1977). Crews's last two arguments are without merit because they raise issues of state law that are not sufficient grounds for relief in a federal habeas corpus proceeding. Cf. Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988); Martin v. Solem, 801 F.2d 324, 331 (8th Cir.1986).
 
 
 5
 In addition, we find that the district court's findings of fact were not clearly erroneous, cf. McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 109 S.Ct. 1744 (1989), and that the district court was not required to conduct an evidentiary hearing under 28 U.S.C. Sec. 2254(d).
 
 
 6
 Accordingly, Crews's request for counsel and his motion for summary judgment are denied, and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.