## INMATES' COUNCILMATIC VOICE et al., Plaintiffs-Appellees-Cross-Appellants,

v.

## David ROGERS et al., Defendants-Appellants-Cross-Appellees.

### Nos. 75–2363 and 75–2364.

United States Court of Appeals, Sixth Circuit.

Argued June 24, 1976.

Decided Sept. 9, 1976.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas, Columbus, Ohio, for defendants-appellants-cross-appellees.

Lloyd B. Snyder, Glenn Billington, Edward R. Stege, Jr., Cleveland, Ohio, for plaintiffs-appellees-cross-appellants.

Before WEICK, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

This is a direct appeal from a judgment of a three-judge District Court holding unconstitutional the procedures of the Ohio Adult Parole Authority (APA) promulgated pursuant to Chapters 2967 and 5149 of the

Ohio Revised Code and as applied to parole revocation.[1] The three-judge District Court held that these procedures violated the due process rights of parolees enunciated in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

The District Court adopted certain procedures stipulated by the parties with respect to technical violations of the terms and conditions of the parole agreement.[2] They are not in issue in this appeal. The parties were unable to agree upon the procedures to be followed when (1) the parolee is arrested for a new crime committed in Ohio; and (2) when the parolee is arrested and incarcerated outside the State of Ohio for committing a new crime.

As to new crimes committed by the parolee in the State of Ohio, the District Court held that a hearing shall be conducted by the APA within sixty (60) calendar days from the date of the placement of the detainer by the APA or within such reasonable time as the parolee shall request.

As to new crimes committed by the parolee outside of Ohio, the District Court held that the State need not conduct a final parole revocation hearing until the parolee is returned to confinement within the State of Ohio.

APA has appealed from that part of the judgment establishing a specific time limitation for conducting a final parole revocation hearing when the parolee is arrested in Ohio for committing a new crime. Plaintiffs have appealed from the judgment of the District Court relating to a new crime committed by the parolee outside of Ohio. We modify the judgment as herein indicated.

I

It was the position of APA in the District Court and also in this appeal that the District Court was without authority to establish a statute of limitations or a "speedy trial rule" which would seriously interfere with and impede Ohio's parole-revocation procedures where new crimes have been committed in this State by the parolee.

■ There certainly would be no point in requiring a preliminary parole hearing where the parolee has been arrested for a new crime and has been bound over to the Grand Jury at a preliminary hearing conducted by a judicial officer. In *Hruska v. Severance Specialty, Inc.*, 498 F.2d 796 (6th Cir. 1974), we held that under Ohio law a preliminary hearing conducted by a Municipal Judge in which he bound the defendant over to the Grand Jury constituted prima facie evidence of probable cause. We also held that an indictment returned by the Grand Jury constitutes prima facie evidence of probable cause under Ohio law.

In *Burdette v. Nock*, 480 F.2d 1010 (6th Cir. 1973) we held that the United States Parole Board is not required to determine issues of guilt or innocence relating to state criminal charges; that the Parole Board may await the disposition of the state charges by the state courts before executing a federal parole violation warrant; and that the Parole Board did not lose jurisdiction by its failure to execute a warrant during the time when the parolee was in jail awaiting trial on the state charges. See also *Savage v. United States Parole Board*, 422 F.2d 1248 (6th Cir. 1970).

■ It seems to us that a parolee may well be prejudiced by having a parole violation hearing conducted by the State Parole Board prior to his criminal trial in the state

1. An appeal was first taken as of right in the Supreme Court which vacated the judgment of the three-judge District Court and directed the entry of a new judgment so that an appeal could be taken to our Court. Plaintiffs had abandoned their claim that the Ohio statutes were unconstitutional and were no longer seeking injunctive relief. Cf. *Gerstein v. Coe*, 417 U.S. 279, 94 S.Ct. 2246, 41 L.Ed.2d 68 (1974);

*Mitchell v. Donovan*, 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970).

2. Technical violations are those violations of the terms and conditions of the parole agreement which are not criminal in nature such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc.

courts. At trial the parolee would be entitled to an impartial jury and to the application of the rules of evidence, which rights are not applicable in the parole revocation proceedings.

 APA has no authority under Ohio law to interfere with the custody of the State Court over a parolee held to answer for a new crime in violation of state law. The plaintiffs pose the question whether APA can execute the detainer and take custody of the parolee if the state court releases him on bond pending trial. The answer to this question is the affirmative. However, if APA takes custody, the parolee would be entitled to credit under Ohio law for time he is serving.

In the event the state in such a case executes the detainer and takes custody of the parolee, he would not be entitled to a preliminary hearing if he has been bound over to the Grand Jury by a state judicial officer. In our opinion, however, he would be entitled to a final parole revocation hearing by APA if he requests it and the hearing should be held within a reasonable time after his request. We think this ruling comports with *Morrissey v. Brewer, supra*, and *Gagnon v. Scarpelli, supra*. We decline to fix a specific time limit for conducting the final hearing.

## II

 APA should not be required to travel outside of Ohio and conduct parole revocation hearings in a foreign jurisdiction every time a parolee commits a new crime in another State. This would impose real inconvenience and hardship on the Board as well as subject the State to considerable unnecessary expense. We are not willing to enunciate such a rule for Ohio. *Small v. Britton*, 500 F.2d 299 (10th Cir. 1974); *Cook v. United States Attorney General*, 488 F.2d 667 (5th Cir.), *cert. den.*, 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 (1974). *Contra, United States ex rel. Hahn v. Revis*, 520 F.2d 632 (7th Cir. 1975).

In our opinion APA is not required to hold a final parole revocation hearing until a reasonable time after it has obtained custody over the parolee by executing the detainer in Ohio and has returned him to the institution from which he was paroled.

The judgment of the District Court is modified as specified herein.