THE STATE, EX REL. JACKSON, APPELLANT, *v.*
DENTON, DIR., ET AL., APPELLEES.

[Cite as State, ex rel. Jackson, *v.* Denton (1983), 5 Ohio St. 3d 179.]

(No. 82-1482—Decided June 22, 1983.)

*Mr. Randall M. Dana,* public defender, and *Ms. Elizabeth Manton,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Dennis L. Sipe,* for appellees.

*Per Curiam.* Appellant urges that a sixty-day rule applied from the date of availability to the date of the final parole revocation hearing is the proper interpretation of the reasonable time requirement of *Morrissey* v. *Brewer* (1972), 408 U.S. 471, within which to provide an alleged parole violator with a final hearing.

In support of such sixty-day rule, appellant relies on the federal district court case of *Inmates' Councilmatic Voice* v. *Rogers* (Dec. 12, 1974), N.D. Ohio E.D. No. C72-1052, unreported. Appellant concedes that the sixty-day rule was rejected on appeal in *Inmates* ([C.A. 6, 1976], 541 F. 2d 633), but argues that the modification by the Sixth Circuit Court of Appeals should not apply in a situation where the sentence for the new intervening crime was suspended and probation granted. We find such argument to be without merit.

On appeal, *Inmates* declined to establish a specific time limitation for conducting a final parole revocation hearing when the parolee is arrested for committing a new crime. *Inmates* would entitle appellant to a hearing within a reasonable time after his request therefor (*id.* at 636), which in the present case was not made until June 15, 1982. Further, the nature and duration of the penalty imposed for the new crime which forms the basis for a parole revocation certainly are considerations respecting the reasonableness of time within which such hearing should be afforded. Cf. *Moody* v. *Daggett* (1976), 429 U.S. 78. In consideration of the above, the time set for the final parole revocation hearing. herein was not unreasonable or prejudicial to appellant.

Accordingly, the judgment of the court of appeals, denying the writ, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.