[Cite as *State v. Henderson*, 2016-Ohio-679.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    27794 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALFONZO HENDERSON, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2012 08 2452 |

DECISION AND JOURNAL ENTRY

Dated: February 24, 2016

CARR, Judge.

{¶1}    Appellant, Alfonzo Henderson, Jr., appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms in part, reverses in part, and remands.

I.

{¶2}    On September 7, 2012, the Summit County Grand Jury indicted Henderson on one count of possession of cocaine and one count of having weapons while under disability. While these charges were pending, Henderson was involved in another incident on January 2, 2013, which gave rise to a supplemental indictment containing numerous additional charges. While Henderson was acquitted of the charges in the initial indictment, he was convicted by a jury of aggravated burglary, aggravated robbery, and felonious assault, with each offense containing a firearm specification.  Henderson was also convicted of having weapons while under disability.

{¶3} The trial court merged the count of aggravated robbery into the count of aggravated burglary and imposed a seven-year prison sentence for that offense. The trial court also sentenced Henderson to an eight-year term of incarceration for felonious assault and a one-year term of incarceration for having weapons while under disability. The trial court ordered that the sentences for aggravated burglary, felonious assault, and the attendant firearm specifications run consecutively to each other, but concurrently with the sentence for having weapons while under disability, for an aggregate prison term of 21 years.

{¶4} On direct appeal, this Court affirmed Henderson's underlying convictions. *State v. Henderson*, 9th Dist. Summit No. 27078, 2014-Ohio-5782. This Court also affirmed the imposition of a maximum sentence for felonious assault and rejected Henderson's argument that the counts of aggravated burglary and felonious assault were allied offenses of similar import. *Henderson* at ¶ 42, 50. We reversed Henderson's sentence, however, with respect to the imposition of consecutive sentences on the basis that the trial court's findings at the sentencing hearing were in conflict with the language in the judgment entry. *Henderson* at ¶ 55.

{¶5} On remand, the trial court held a resentencing hearing and reduced Henderson's aggregate sentence by two years. The court imposed a sentence that was one year shorter for both the count of aggravated burglary and the count of felonious assault. The trial court again imposed a one-year prison sentence on the count of having weapons while under disability. The court ran the sentences for aggravated burglary and felonious assault, along with the related firearm specifications, consecutively to each other, but concurrently with the sentence for having weapons while under disability, for a total prison sentence of 19 years. The trial court issued its new sentencing entry on April 3, 2015.

{¶6} On appeal, Henderson raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES, IN VIOLATION OF THE DUE PROCESS AND DOUBLE JEOPARDY CLAUSES OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

{¶7}   In his first assignment of error, Henderson argues that the trial court erred in imposing consecutive sentences.  This Court disagrees.

{¶8}   While Henderson couches his argument in terms of plain error in his merit brief, the substance of his assignment of error is that the trial court abused its discretion by running the sentences for aggravated burglary and felonious assault consecutively to each other.  Henderson asserts that the trial court's findings in support of consecutive sentences were not supported by the record.  An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9}   R.C. 2929.14(C)(4) states, "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C.] 2929.16, 2929.17, or 2929.18, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the

offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} The Supreme Court of Ohio has held that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶11} A review of the record reveals that the trial court made the requisite findings in support of consecutive sentences. At the sentencing hearing, the trial court stated:

So as to those two offenses, aggravated burglary and the felonious assault, the Court is going to find in consideration of the principles and purposes of sentencing that consecutive sentences are necessary to protect the public from future crime by the defendant; that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public; and that these offenses occurred while you were awaiting trial on the original two counts of the indictment. * * * And that at least these two offenses, agg[ravated] burglary and the felonious assault, were part of a course of conduct, which the harm caused by those two offenses was so great or unusual that no single prison sentence committed as a part of that adequately reflects the seriousness of your conduct.

{¶12} In accordance with *Bonnell*, the findings made by the trial court at the sentencing hearing in support of consecutive sentences were incorporated into the April 3, 2015 sentencing entry.

{¶13} Though Henderson does not dispute that the trial court set forth findings pursuant to both R.C. 2929.14(C)(4)(a) & (C)(4)(b), he contends that the record does not support these findings. As an initial matter, we note that the trial court "has no obligation to state reasons to support its findings." *Bonnell* at syllabus. Moreover, Henderson's contention regarding evidentiary support is without merit. While he was ultimately found not guilty of the charges in

the initial indictment, there is no dispute that, pursuant to R.C. 2929.14(C)(4)(a), "the offender was awaiting trial" on those charges at the time he committed the aggravated burglary and felonious assault at issue in this appeal. With respect to R.C. 2929.14(C)(4)(b), the trial court underscored the grave nature of the conduct at the sentencing hearing, noting for the record that the victim was attacked in his home and that "[c]learly he could have died" after being shot multiple times. The trial court also emphasized that Henderson fled the home after the shooting and left the victim behind with very serious injuries. Under these circumstances, Henderson cannot prevail on his argument that the trial court's decision to impose consecutive sentences was unreasonable, arbitrary, or unconscionable. *See Blakemore* at 219.

{¶14} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN IMPOSING MORE-THAN-MINIMUM SENTENCES UPON ALFONZO HENDERSON, IN VIOLATION OF THE DUE PROCESS AND DOUBLE JEOPARDY CLAUSES OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

{¶15} In his second assignment of error, Henderson contends that the trial court erred by imposing more than minimum sentences for felonious assault and aggravated burglary. In his prior appeal, Henderson raised an assignment of error that included numerous challenges to his sentence. *Henderson* at ¶ 33-55. We affirmed his sentence with respect to the imposition of a maximum sentence for felonious assault as well as the trial court's determination with respect to allied offenses. *Id*. Because the trial court's findings at the sentencing hearing were in conflict with the judgment entry, we sustained Henderson's assignment of error solely as "it relate[d] to his consecutive sentences[.]" *Id*. at ¶ 55. Thus, while it was necessary to reverse and remand for the trial court to articulate its findings in support of consecutive sentences, the individual

sentences for each offense were not affected by the appealed error, were not vacated by this Court, and were not subject to de novo sentencing on remand. *State v. Ross*, 9th Dist. Lorain Nos. 14CA010601, 14CA010602, 2015-Ohio-3399, ¶ 7-9, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15. By reducing the length of the individual sentences for aggravated burglary and felonious assault, the trial court exceeded the scope of its authority on remand. The sentences imposed on remand for aggravated burglary and felonious assault are now vacated, and this matter is remanded for the trial court to re-impose its original sentences for those offenses, as well as set forth its findings in support of running those sentences consecutively to each other.

{¶16} The second assignment of error is sustained.

III.

{¶17} Henderson's first assignment of error is overruled. His second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this decision.

Judgment affirmed in part
reversed in part,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JEREMY A. VEILLETTE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.