[Cite as *State v. Pino*, 2018-Ohio-2825.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-171** |
| CARLOS G. PINO, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2016 CR 001090.

Judgment: Reversed and remanded.

*Charles E. Coulson*, Lake County Prosecutor and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Carlos G. Pino, Jr., appeals from the judgment entry of the Lake County Court of Common Pleas, revoking his community control sanctions, and sentencing him to nine months imprisonment. Mr. Pino contends the trial court violated new R.C. 2929.15(B)(1)(c)(i), effective September 29, 2017. The state concedes Mr. Pino's arguments, so we reverse and remand.

{¶2} On or about November 13, 2016, Mr. Pino was arrested in Mentor, Ohio, for aggravated possession of drugs, a fifth-degree felony. He pleaded not guilty in the Mentor Municipal Court, before the matter was bound over to the trial court. March 16, 2017, an information charging Mr. Pino with aggravated possession of drugs, and driving while under the influence of drugs or alcohol, was filed. Mr. Pino waived an indictment April 4, 2017. That same day, he pleaded guilty to aggravated possession of drugs. Sentencing hearing was held May 15, 2017. The trial court sentenced Mr. Pino to 16 days in jail, with 16 days credit for time served; two years community control sanctions; a fine and court costs; and the suspension of his driver's license. Thereafter, he was granted driving privileges for work, AA meetings, and meetings with his probation officer.

{¶3} On or about October 30, 2017, the state moved to terminate Mr. Pino's community control sanctions. He had been arrested and charged with OVI October 22, 2017. This violated rule one of his probation, which demanded that he obey all federal, state and local laws; and rule eight, which prohibited him from using alcohol. Mr. Pino pleaded guilty to having physical control of a vehicle while under the influence of alcohol, and admitted his probation violations.

{¶4} Sentencing hearing went forward December 4, 2017, the trial court revoking Mr. Pino's community control sanctions, sentencing him to nine months imprisonment, and imposing costs.

{¶5} Mr. Pino timely noticed this appeal. This court stayed his sentence. Mr. Pino assigns a single error: "The trial court erred by sentencing the defendant-appellant to a nine-month prison term for community control violations under R.C. 2929.15(B)(1)(c)(i)."

{¶6} Initially, Mr. Pino directs our attention to R.C. 2929.15(B)(1)(c)(i), which provides: "If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days." He notes he was under community control sanctions for having committed a fifth-degree felony, and that the sanctions were revoked for two reasons: (1) he pleaded guilty to a misdemeanor, having physical control of a vehicle while under the influence of alcohol; and (2) he broke two rules of probation – one that he not break any law, the second, that he not use alcohol. The latter he argues is a mere technical probation violation, citing to the opinion in *State ex rel. Taylor v. Ohio Adult Parole Auth.* 66 Ohio St.3d 121, 124 (1993), in which the court adopted the definition of a "technical" probation violation espoused by the United States Court of Appeals for the Sixth Circuit in *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633 (1976). The Sixth Circuit held that a technical violation is one which merely violates the terms of probation, but which is not, itself, criminal. *Id.* at 635, fn. 2. As Mr. Pino observes, drinking alcohol is not per se criminal in Ohio.

{¶7} Our standard of review is provided by *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶8-9, where the court held:

{¶8} "Our primary concern when construing statutes is legislative intent. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.,* 74 Ohio St.3d 543, 545, * * * (1996). In determining that intent, we first look to the plain language of the statute. *Summerville v. Forest Park,* 128 Ohio St.3d 221, 2010-Ohio-6280, * * *, ¶18, citing

3

*Hubbell v. Xenia,* 115 Ohio St.3d 77, 2007-Ohio-4839, * * *, ¶11. When the language is unambiguous and definite, we apply it as written. *Id.*

{¶9} "R.C. 2953.08(G)(2) is unambiguous and definite. It provides:

{¶10} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶11} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. *The appellate court's standard for review is not whether the sentencing court abused its discretion.* The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶12} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, *whichever, if any, is relevant;*

{¶13} "(b) That the sentence is otherwise contrary to law." (Emphasis sic.) (Parallel citations omitted.)

{¶14} Under *Marcum* the trial court's sentence in this case is clearly contrary to law, since, for all the reasons marshalled by Mr. Pino, the trial court was limited to sentencing him to 90 days imprisonment under R.C. 2929.15(B)(1)(c)(i). Again, the state concedes that Mr. Pino is correct.

{¶15} The assignment of error has merit.

{¶16} The judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

4

TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.