[Cite as *State v. Urban*, 2019-Ohio-2244.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ROBERT M. URBAN, III | : | Case Nos. 18 CAA 09 0066, |
| | | 18 CAA 09 0067, 18 CAA 09 0068 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Case Nos. 14 CR I 10 0463, 14 CR I 10 0464 & 16 CR I 05 0227

JUDGMENT: Vacated and Remanded

DATE OF JUDGMENT: June 4, 2019

APPEARANCES:

For Plaintiff-Appellee

JOEL C. WALKER
145 N. Union Street
Third Floor
Delaware, OH 43015

For Defendant-Appellant

KATHERINE R. ROSS-KINZIE
250 East Broad Street
Suite 1400
Columbus, OH 43215

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant Robert M. Urban, III, appeals the May 9, 2018 judgments of conviction and sentence of the Court of Common Pleas, Delaware County, Ohio which revoked his community control sanctions. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  This matter involves guilty pleas made by Urban on May 17, 2016 in three cases.

{¶ 3}  In the first, case number 14CR-I-10-0463, Urban pled guilty to two counts of identity fraud, felonies of the fourth degree, and three counts of forgery, felonies of the fifth degree.

{¶ 4}  In the second case, case number 14CR-I-10-0464, Urban pled guilty to misuse of credit cards, a felony of the fifth degree.

{¶ 5}  In the third case, case number 16CR-I-05-0227, Urban pled guilty to two counts of identity fraud, one count being a felony of the fourth degree and the second being a felony of the fifth degree.

{¶ 6}  The trial court sentenced Urban to an aggregate total of 78 months incarceration, but suspended that sentence and placed Urban on community control for three years. Among other conditions, Urban was to refrain from further criminal conduct, and was prohibited from owning any weapons or leaving the state without written permission of Adult Court Services. Additionally, Urban was to make restitution in the amount of $5,284.

{¶ 7}   On April 18, 2018, the state filed a motion to suspend Urban's community control sanctions in each case alleging he had violated each of the forgoing conditions. Specifically, the state alleged Urban had been convicted of misdemeanor passing bad checks in Licking County case number 18CRB00367 and charged with passing bad checks in Licking County case number 18CRB00785. The state additionally alleged that Urban was in possession of a rifle fitted with a bayonet, and had left the state of Ohio and traveled to the state of Washington without permission.

{¶ 8}   On May 7, 2018, a hearing was held on the matter. The state withdrew the allegation regarding the rifle, and Urban admitted to the remaining allegations. The state requested that the trial court impose Urban's previously suspended sentences and counsel for Urban urged the court to impose less than the entire suspended sentence. The trial court found Urban was not amenable to community control, terminated his community control, and imposed the previously suspended aggregate sentence of 78 months. R.C. 2929.15(B)(1), which places limits on sentences for certain community control violations was never raised or discussed by either party or the court.

{¶ 9}   Urban now brings this appeal raising two assignments of error:

I

{¶ 10} "ROBERT URBAN WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO RAISE THE SENTENCING CAPS IN R.C. 2929.15(B)(1)(C)."

II

{¶ 11} "THE TRIAL COURT'S PRISON SENTENCES FOR TECHNICAL AND MISDEMEANOR VIOLATIONS OF COMMUNITY CONTROL SANCTIONS ARE

CONTRARY TO LAW BECAUSE THEY EXCEEDED THE 180-DAY AND 90-DAY MAXIMUM SENTENCES AUTHORIZED BY R.C. 2929.15(B)(1)(c)."

{¶ 12} We address Urban's assignments of error together. Urban argues his sentences must be vacated because they are contrary to law as they exceed what is permitted by R.C. 2929.15(B)(1)(c) for community control sanctions where the underlying offenses are fourth and fifth degree felonies. Urban further argues his counsel should have brought this error to the attention of the trial court. Because R.C. 2929.15(B)(1)(c) was never raised or considered below, we agree that Urban's sentences must be vacated.

{¶ 13} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find the sentence is contrary to law.

{¶ 14} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

{¶ 15} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors

prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 16} Effective September 29, 2017, H.B. 49 amended R.C. 2929.15(B)(1)(c), changing the potential penalties for violations of community control sanctions. The statue now provides in relevant part:

> (B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:
>
> * * *
>
> (c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:
>
> (i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a *felony of the fifth degree* or for any violation of law committed while under a

community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, *the prison term shall not exceed ninety days.*

(ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a *felony of the fourth degree* that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, *the prison term shall not exceed one hundred eighty days.*

{¶ 17} Emphasis added.

{¶ 18} Here, Urban's community control violations took place after the amendment of R.C 2929.15(B)(1)(c) and consisted of committing two new first degree misdemeanor offenses, failing to pay restitution, and leaving the state without permission. The nature of a technical violation is not defined in R.C. 2929.15(B)(1). However, in *Inmates Councilmatic Voice v. Rogers*, 541 F.2d 633 (6th Cir.1976) the United States Court of Appeals for the Sixth Circuit defined the term as it pertained to a parole revocation:

Petitioner also invokes the sixty-day rule mentioned in a January 21, 1992 contempt order in the *Inmates' Councilmatic Voice* case. *Inmates' Councilmatic Voice v. Wilkinson* (Jan. 21, 1992), N.D.Ohio No. C72-1052, unreported. The order does require certain parole

revocation hearings to be held within sixty days after the date on which the parolee is arrested or held by means of a detainer. However, it plainly states that "[t]he sixty-day rule is applicable to all Ohio parolees charged by Defendants with a *technical violation* of a term or condition of their parole." (Emphasis added.) *Id.* at 2. In *Inmates' Councilmatic Voice*, supra, 541 F.2d at 635, fn. 2, the Sixth Circuit Court of Appeals defined "technical violations" as "those violations of the terms and conditions of the parole agreement which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc."

{¶ 19} In *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, 609 N.E.2d 546 (1993), the Supreme Court of Ohio adopted the definition of technical violation set forth in *Inmates Councilmatic Voice v. Rodgers*. Courts of appeal, including this court, have subsequently applied this definition to sentencing determinations under R.C 2929.15. See e.g., *State v. Abner*, 4th Dist. Adams Nos. 18CA1061, 18CA1062, 2018-Ohio-4506; *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249; *State v. Pino*, 11th Dist. Lake No. 2017-L-171, 2018-Ohio-2825, *State v. Johnson*, 5th Dist. Licking No. 18-CA-37, 2019-Ohio-376.

{¶ 20} In the instant matter, however, the record is devoid of any indication that the nature of Urban's violations were considered, or that the statute as amended was considered by counsel for Urban, the state, or the trial court. We therefore vacate Urban's

sentence and remand the matter to the trial court for resentencing with due consideration to 2929.15(B)(1)(c).

{¶ 21} The sentencing judgements of the Delaware County Court of Common Pleas are vacated and remanded for resentencing consistent with this opinion.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.

EEW/rw