[Cite as *State v. Duffy*, 2020-Ohio-3137.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ZIAIRE DUFFY

    Appellant

C.A. No.    18CA011342, 18CA011343,
18CA011344, 18CA011345,
18CA011346, 18CA011347,
18CA011348, 18CA011349

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    13CR087762, 13CR088424,
13CR089520, 14CR089550,
14CA089912, 15CR091194,
15CR091285, 15CR091286

DECISION AND JOURNAL ENTRY

Dated: June 1, 2020

TEODOSIO, Presiding Judge.

{¶1}    Appellant, Ziaire Duffy, appeals from the trial court's judgment in the Lorain County Court of Common Pleas. This Court affirms in part, reverses in part, and remands for resentencing.

I.

{¶2}    Mr. Duffy pled guilty to a multitude of felonies and misdemeanors, ranging from felonies of the third degree down to minor misdemeanors and spanning eight different case numbers: 13CR087762; 13CR088424; 13CR089520; 14CR089550; 14CR089912; 15CR091194; 15CR091285; and 15CR091286. He was sentenced to fifty-eight months in prison for case

numbers 14CR089550 and 15CR091286, but received community control for the remaining six cases.

{¶3} The trial court later granted Mr. Duffy judicial release and ordered him to enter and successfully complete the Lorain/Medina County Community Based Correctional Facility ("CBCF"). Mr. Duffy was unsuccessfully discharged from CBCF. The trial court held a probable cause hearing and decided to continue Mr. Duffy on community control at that time. Many more violations of community control sanctions followed. After a merits hearing, the trial court found Mr. Duffy guilty of violating the terms and conditions of his community control sanctions and sentenced him to an aggregate total of thirteen years and four months in prison.

{¶4} Mr. Duffy now appeals and raises four assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM RESERVED SENTENCE ON ALL EIGHT CASES BASED ON TECHNICAL VIOLATIONS OF COMMUNTY [SIC] CONTROL SANCTIONS.

{¶5} In his first assignment of error, Mr. Duffy argues that the trial court erred when it imposed the maximum reserved sentence in all eight of his cases based on "technical violations" of community control sanctions. We disagree.

{¶6} The standard of review used by appellate courts in reviewing felony sentences is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. *See also* R.C. 2953.08(G)(2). "Clear and convincing

evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶7} R.C. 2929.15(B)(1)(c) provides that, when community control sanctions are violated, the trial court is permitted to sentence the offender to an appropriate prison term under the law. Effective September 29, 2017, however, R.C. 2929.15(B)(1)(c) was amended by H.B. 49, and now provides that prison terms being imposed for community control violations are subject to certain limitations for mere "technical violations." *See* R.C. 2929.15(B)(1)(c)(i)-(ii). When the underlying offense is a felony of the fifth degree, the prison term imposed shall not exceed ninety days for either technical violations of community control sanctions or any violations of law that constitute new criminal misdemeanor offenses. R.C. 2929.15(B)(1)(c)(i). When the underlying offense is a felony of the fourth degree and is neither an offense of violence nor a sexually-oriented offense, the prison term imposed shall not exceed one hundred eighty days for either technical violations of community control sanctions or any violations of law that constitute new criminal misdemeanor offenses. R.C. 2929.15(B)(1)(c)(ii).

{¶8} No definition for what constitutes a "technical" violation is included in the Ohio Revised Code.[1] The Supreme Court of Ohio, in *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, (1993), noted that the United States Court of Appeals for the Sixth Circuit, in *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633 (6th Cir.1976), fn. 2, previously defined "technical violations" as "those violations of the terms and conditions of the parole agreement

---

[1] We note that three cases, *State v. Nelson*, *State v. Blake*, and *State v. Castner*, all centering around what should constitute a "technical violation" for purposes of R.C. 2929.15(B)(1)(c)(i)-(ii), have been accepted by the Supreme Court of Ohio for jurisdictional reviews. *See 04/03/2019 Case Announcements*, 2019-Ohio-0049; *05/01/2019 Case Announcements*, 2019-Ohio-0214; *10/29/2019 Case Announcements*, 2019-Ohio-1221.

which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the [s]tate, etc." We remain cognizant of the fact that the courts in those two cases were interpreting technical violations of *parole*, and not technical violations of community control under R.C. 2929.15(B)(1)(c). *See State v. Kernall*, 1st Dist. Hamilton No. C-180613, 2019-Ohio-3070, ¶ 15. Nevertheless, many Ohio appellate districts have applied this definition to sentencing determinations under R.C. 2929.15. *See State v. Urban*, 5th Dist. Delaware Nos. 18 CAA 09 0066, 18 CAA 09 0067, and 18 CAA 09 0068, 2019-Ohio-2244, ¶ 19, citing *State v. Abner*, 4th Dist. Adams Nos. 18CA1061 and 18CA1062, 2018-Ohio-4506, *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249, *State v. Pino*, 11th Dist. Lake No. 2017-L-171, 2018-Ohio-2825, and *State v. Johnson*, 5th Dist. Licking No. 18-CA-37, 2019-Ohio-376.

{¶9} Still, other courts have declined to limit the definition of "technical violations" under R.C. 2929.15(B)(1)(c) to refer only to violations "that are not otherwise criminal." *See State v. Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151, ¶ 43-44, 48-49 (determining that a failure to report may be a technical violation in some instances, but several months of avoiding community control sanctions, i.e., failing to report at all, is not a mere technical violation); *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 14 ("Had the legislature intended R.C. 2929.15 (B)(1)(c)(i) to apply to all violations of community control which were non-criminal in nature, it could have specifically stated so in the statute."). Such courts have instead determined that where "the special condition was a substantive rehabilitative requirement which addressed a significant factor contributing to appellant's criminal conduct" the violation "cannot be considered a technical violation of community control." *See, e.g., State v. Calhoun*, 6th Dist. Wood No. WD-

17-067, 2019-Ohio-228, ¶ 30; *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 18.

{¶10} Mr. Duffy argues that his community control violations included failures to report to the probation department, a failure to complete the CBCF program, and failed drug screens, which he asserts are merely technical violations. Even assuming without deciding that those violations were merely technical in nature, Mr. Duffy's conduct and violations in this matter far exceeded these less serious infractions and, in fact, included criminal conduct.

{¶11} Mr. Duffy's probation officer summarized Mr. Duffy's violations for the trial court at the merits hearing on May 25, 2018. Following his judicial release from prison, Mr. Duffy was placed in CBCF, but was unsuccessfully discharged from the program following allegations that he destroyed some toilets at the facility. He then tested positive during five different drug tests for marijuana, oxycodone, and cocaine, and then failed to report for three additional drug tests. He was assessed by Lorain County Alcohol and Drug Abuse Services ("LCADA"), but failed to follow its recommendations. He failed to call the Substance Abuse Monitoring ("SAM") phone line eighteen times. He was arrested and charged with domestic violence, disrupting public services, unlawful restraint, and possession of cocaine. He failed to report to his probation officer, and a capias was issued for his arrest. He was then charged with aggravated robbery and theft. While the police were attempting to arrest him, Mr. Duffy rammed his vehicle into a police cruiser and proceeded to lead police on a high speed car chase. When they finally caught him, the police found twenty grams of suspected heroin, eighteen grams of suspected crack cocaine, and $4,800.00.

{¶12} The prosecutor offered further details for the court as to Mr. Duffy's violations. As to the domestic violence and unlawful restraint charges, the prosecutor stated at the hearing that

Mr. Duffy had been threatening to shoot the victim with a gun. She "broke free" and escaped once Mr. Duffy passed out. Police observed bruises and scrapes on her and saw text messages on her phone in which Mr. Duffy had threatened to kill her. When the police attempted to arrest him, he led them on a dangerous, high speed, car chase in which he drove through the front yards of homes. In another incident, Mr. Duffy was asked to leave someone's property, so he pulled out his gun, put it in the victim's face, and said, "I'm going to shoot you in the face." He fled from police again and led them on another high speed chase. He drove through stop signs, drove through flower beds in front yards, and kept his headlights off. Police were forced to abandon that pursuit due to safety concerns for the public. Thereafter, Mr. Duffy posted "F12" on Facebook, which the prosecutor stated is street terminology for "F the police." The prosecutor stated that Mr. Duffy was also a suspect in several other firearm-related assaults, where he put guns in victims' faces and threatened to kill them, but then fled from the police. In another high speed chase with police, he actually crashed into a police cruiser and "totaled" it.

{¶13} The record therefore reveals that some of Mr. Duffy's violations included serious and violent criminal offenses, which could not be considered mere "technical violations" of his community control within the ambit of R.C. 2929.15(B)(1)(c). Mr. Duffy nonetheless stresses on appeal that he was never actually convicted of any of these new criminal charges, as they were dismissed sometime later.[2] But, courts have held that conduct which constitutes a criminal offense, even if the offender is never actually charged or convicted, cannot be considered a mere "technical violation" of community control. *See State v. Swetnam*, 5th Dist. Licking No. 2019 CA 00010,

---

[2] Appellate counsel conceded at oral argument that Mr. Duffy was then indicted federally on some of these dismissed charges.

2019-Ohio-5186, ¶ 18; *State v. Ross*, 2d Dist. Champaign No. 2019-CA-9, 2019-Ohio-4368, ¶ 16; *Abner*, 2018-Ohio-4506, at ¶ 15-16; *Cozzone*, 2018-Ohio-2249, at ¶ 39.

{¶14} Accordingly, we find no merit in Mr. Duffy's argument that his myriad of violations, which included serious, felony criminal offenses, amounted on the whole to mere "technical violations" of his community control sanctions. The trial court was therefore not limited by the language set forth in R.C. 2929.15(B)(1)(c)(i)-(ii) when sentencing Mr. Duffy to prison. Consequently, Mr. Duffy has not shown by clear and convincing evidence that his sentence was contrary to law. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1; R.C. 2953.08(G)(2).

{¶15} Mr. Duffy's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT CONSECUTIVE SENTENCES PURSUANT TO R.C. 2929.14(C).

{¶16} In his second assignment of error, Mr. Duffy argues that the trial court failed to make the requisite findings under R.C. 2929.14(C) when it imposed consecutive sentences. We agree that the court failed to make all of the requisite findings for the imposition of consecutive sentences.

{¶17} Again, the standard of review for reviewing felony sentences is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1; R.C. 2953.08(G)(2).

**{¶18}** Following a community control violation, the trial court conducts a second sentencing hearing in which the court sentences the offender anew and must comply with the relevant sentencing statutes. *State v. Trice*, 9th Dist. Summit Nos. 29258 and 29283, 2019-Ohio-5098, ¶ 25, citing *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17. "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶19}** "[I]f the trial court does not make the factual findings required by R.C. 2929.14(C)(4), then 'a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed * * *.'" *Bonnell* at ¶ 23, quoting R.C. 2929.41(A). A word-for-word recitation of the language of the statute is not required, however, provided the reviewing court can discern that the trial court

engaged in the correct analysis and can determine that the record contains evidence to support the findings. *Id.* at ¶ 29. In other words, trial courts are not required to give a "talismanic incantation" of the words of the statute, provided the necessary findings can be found in the record and are incorporated into the sentencing entry. *Id.* at ¶ 37.

**{¶20}** Mr. Duffy has not argued that any findings made by the trial court were unsupported by the evidence or that the sentencing entry failed to incorporate the findings, but instead only argues that the trial court failed to make the requisite findings for the imposition of consecutive sentences. *See, e.g., State v. Snyder*, 9th Dist. Summit No. 28109, 2016-Ohio-7881, ¶ 17.

**{¶21}** Although the trial court here did not utilize the specific language contained within R.C. 2929.14(C)(4) when imposing consecutive sentences, it was not required to do so. *See Bonnell* at ¶ 29, 37. In our review of the sentencing transcript, however, we can only discern from various statements made by the trial court that it engaged in a proper analysis to make some, but not all, of the findings required for the imposition of consecutive sentences under R.C. 2929.14(C)(4). The court made various statements to Mr. Duffy prior to sentencing him, such as:

> "I don't know anyone in this courtroom that would lead the police on a chase and ram their cars, and put people at risk";

> "I think I've had plenty of time to observe how you have behaved after you've left prison, and you have not respected the Court's orders";

> "I gave you strict orders as to how you were to comport and conduct yourself, and you have not done that * * *";

> "I hung significant prison time over your head, and I made it very clear to you that these would run consecutive * * *";

> "[T]he eight cases you had in this courtroom showed to me that you were a thug, a potential menace to society * * *"; and

> "You put people's lives at risk, and I'm not going to allow that to happen anymore under my watch."

These statements permit us to conclude that the trial court engaged in the proper analysis and found: (1) consecutive sentences were necessary to protect the public from future crime or to punish him; and (2) Mr. Duffy's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by Mr. Duffy. This Court cannot discern, however, either from the aforementioned statements or from anything else in the record, that the trial court engaged in any analysis or made the requisite findings regarding consecutive sentences not being disproportionate to the seriousness of Mr. Duffy's conduct and to the danger he poses to the public. *See, e.g., State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, ¶ 259.

{¶22} Accordingly, the imposition of consecutive sentences in Mr. Duffy's case was contrary to law. *See Bonnell* at ¶ 37. We are therefore constrained to reverse the trial court's imposition of consecutive sentences and remand the matter for a limited resentencing hearing for the court to properly consider R.C. 2929.14(C)(4) and make the necessary findings. *See State v. Mellott*, 9th Dist. Wayne Nos. 16AP0081 and 16AP0082, 2017-Ohio-7545, ¶ 16; *State v. Marcum*, 9th Dist. Wayne No. 16AP0084, 2017-Ohio-7655, ¶ 9-10; *State v. Thompson*, 9th Dist. Wayne No. 15AP0016, 2016-Ohio-4689, ¶ 48.

{¶23} Mr. Duffy also argues that because he was initially placed on community control in six of his cases, the trial court already made certain findings at his original sentencing hearing which would be inconsistent with any findings made at the merits hearing supporting consecutive sentences. He contends that the trial court should not be able to "change" its original findings and should have therefore been barred from ultimately imposing consecutive sentences. Not only has Mr. Duffy failed to cite any authority supporting this speculative claim, but he has failed to separately assign this argument as error. *See* App.R. 16(A)(7); *State v. Marzolf*, 9th Dist. Summit No. 24459, 2009-Ohio-3001, ¶ 16 ("[A]n appellant's assignment of error provides this Court with

a roadmap on appeal and directs this Court's analysis."). *See also* App.R. 12(A)(1)(b); *State v. Harlow*, 4th Dist. Washington 13CA29, 2014-Ohio-864, ¶ 10 (stating that appellate courts review assignments of error, not mere arguments). In this assignment of error, Mr. Duffy specifically challenges only the trial court's failure to make the requisite findings for the imposition of consecutive sentences, and we decline to address other arguments not assigned as error. *See In re F.R.*, 9th Dist. Lorain No. 14CA010543, 2015-Ohio-1877, ¶ 7.

{¶24} Because the trial court failed to make all of the requisite findings under R.C. 2929.14(C)(4) for the imposition of consecutive sentences, Mr. Duffy's second assignment of error is sustained.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED MAXIMUM CONSECUTIVE SENTENCES ON A FIRST-TIME OFFENDER.

{¶25} In his third assignment, Mr. Duffy argues that the trial court abused its discretion when it imposed maximum, consecutive sentences on a first-time offender.

{¶26} It is unclear from Mr. Duffy's merit brief if he is arguing that the record does not support more than the minimum sentence for each individual offense or that the record does not support the trial court's imposition of consecutive sentences. To the extent he challenges the imposition of consecutive sentences as being unsupported by the record, our disposition of his second assignment of error has rendered that argument moot, and we therefore decline to address it. *See* App.R. 12(A)(1)(c).

{¶27} To the extent he is challenging the length of his individual sentences, his argument is not rendered moot by our limited remand under his second assignment of error, as the individual sentences for each offense are not vacated and are not subject to de novo sentencing on remand. *See State v. Henderson*, 9th Dist. Summit No. 27794, 2016-Ohio-679, ¶ 15. Nevertheless, this

argument must fail because it is expressly premised on an incorrect standard of review. Once again, the standard of review used by appellate courts in reviewing felony sentences is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1; R.C. 2953.08(G)(2).

{¶28} In his merit brief, Mr. Duffy "urges this Court to review the sentence * * * and find that the trial court abused its discretion." As this request would require us to analyze Mr. Duffy's sentence under an incorrect standard of review, we decline to do so. Mr. Duffy has failed to demonstrate by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that his sentence is otherwise contrary to law. *See id.* We decline to sua sponte fashion and then address such an argument on his behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out.").

{¶29} Mr. Duffy attempts to remedy this error by arguing in his reply brief that he, in fact, stated the correct standard of review in his *second* assignment of error. We find no merit in this argument. He further attempts to raise a new argument that the trial court impermissibly increased his sentence for violating the community control sanctions of his judicial release, which we decline to address. *See State v. Osborne*, 9th Dist. Lorain No. 15CA010727, 2017-Ohio-785, ¶ 8, quoting *State v. Caldwell*, 9th Dist. Summit No. 26306, 2013-Ohio-1417, ¶ 9 ("'[A] party may not raise new * * * issues for consideration in his reply brief; rather, the reply brief is merely an opportunity to reply to the brief of the appellee.'").

**{¶30}** Mr. Duffy's third assignment of error is moot in part and overruled in part.

## ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ABUSED ITS DISCREDTION [SIC] WHEN IT DENIED THE DEFENDANT A COMPETENCY EVALUTION [SIC] AND HEARING PRIOR TO THE MERITS HEARING.

**{¶31}** In his fourth assignment, Mr. Duffy argues that the trial court abused its discretion when it denied him a competency evaluation and hearing prior to the merits hearing. We disagree.

**{¶32}** "[T]he decision whether to grant a hearing on competency at a revocation hearing is within the sound discretion of the trial court, and must be determined on a case-by-case basis." *State v. Davis*, 12th Dist. Warren Nos. CA2015-09-081 and CA2015-09-082, 2016-Ohio-879, ¶ 10, citing *State v. Brank*, 5th Dist. Tuscarawas No. 2006AP090053, 2007-Ohio-919, ¶ 44, *State v. Qualls*, 50 Ohio App.3d 56 (10th Dist.1988), and *State v. Bell*, 66 Ohio App.3d 52, 57 (5th Dist.1990). "In a probation hearing, a defendant has a due process right to a competency hearing when there is a substantial basis for the suggestion that appellant is incompetent." *State v. Holman*, 8th Dist. Cuyahoga No. 100468, 2014-Ohio-3908, ¶ 8.

**{¶33}** Mr. Duffy argues that he demonstrated a "substantial basis for a competency hearing" because the trial court previously ordered a mental health screening for him. While the transcript reflects that the court indeed ordered a mental health screening when it originally sentenced Mr. Duffy to community control, the results of that screening are not in the record before us. The mere existence of a prior order for a mental health screening, without more, does not establish "a substantial basis for the suggestion that appellant is incompetent." Mr. Duffy also asserts that "[he] and his father are known by the trial court to have mental health issues[,]" yet he fails to cite to the record to support this claim. *See* App.R. 16(A)(7). Mr. Duffy has failed to

demonstrate that a substantial basis existed for the suggestion that he was incompetent, and we therefore determine that the trial court did not abuse its discretion in denying his request.

{¶34} Mr. Duffy also challenges the trial court's denial of his request for a continuance, yet he fails to separately assign this argument as error. *See Marzolf*, 2009-Ohio-3001, at ¶ 16 ("[A]n appellant's assignment of error provides this Court with a roadmap on appeal and directs this Court's analysis."). *See also* App.R. 12(A)(1)(b); *Harlow*, 2014-Ohio-864, at ¶ 10 (stating that appellate courts review assignments of error, not mere arguments). Mr. Duffy's assignment of error specifically challenges only the trial court's denial of his request for a competency evaluation and hearing, and we decline to address other arguments not assigned as error. *See In re F.R.*, 2015-Ohio-1877, at ¶ 7.

{¶35} Mr. Duffy's fourth assignment of error is overruled.

III.

{¶36} Mr. Duffy's first and fourth assignments of error are both overruled. His second assignment of error is sustained. His third assignment of error is moot in part and overruled in part. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY IN PART AND DISSENTING IN PART.

{¶37} I concur in judgment only with respect to the second assignment of error as I would simply conclude that the trial court failed to make the required statutory findings in support of consecutive sentences.

{¶38} In regard to the third assignment of error, I agree that any challenge regarding whether the record supports the imposition of consecutive sentences is moot. To the extent that Duffy challenges the length of his individual sentences, I respectfully dissent as I would order the parties to provide further briefing regarding whether the individual sentences comported with the dictates of R.C. 2929.20.

APPEARANCES:

JASON S. HARLESS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.